1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FREEMAN MATHIS & GARY, LLP**
David Liu (SBN 216311)
david.liu@fmglaw.com
Elizabeth Fellmeth (SBN 300015)
efellmeth@fmglaw.com
3030 Old Ranch Parkway, Suite 200
Seal Beach, California 90740
Tel: 562.583.2126
Fax: 424.350.3842

Attorneys for Defendant
NORTHERN CALIFORNIA FERTILITY MEDICAL CENTER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO COURTHOUSE

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHERN CALIFORNIA FERTILITY MEDICAL CENTER,<br><br>        Defendant. | Case No. 2:22-cv-01861-JDP<br><br>Assigned to the Honorable Magistrate Judge Jeremy D. Peterson<br><br>**DEFENDANT NORTHERN CALIFORNIA FERTILITY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date:        February 2, 2023<br>Time:        10:00 a.m.<br>Courtroom:  9, 13th Floor |

Freeman Mathis
& Gary, LLP
Attorneys at Law

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, February 2, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 9, 13th Floor, of the above-entitled court, located at the Robert T. Matsui United States Courthouse, at 501 I Street, Sacramento, California 95814, the Honorable Magistrate Judge Jeremy D. Peterson, presiding, defendant Northern California Fertility Medical Center ("NCFMC"), will bring a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of the Court's subject matter jurisdiction over this action because Plaintiff Jane Doe ("Plaintiff") lacks standing to sue.

NCFMC also brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  This motion is brought on the grounds that the claims identified in the attached memorandum of points and authorities fail to state a claim for relief, including:

1.   The first claim for alleged negligence;

2.   The second claim for alleged invasion of privacy;

3.   The third claim for alleged violations of the Confidentiality of Medical Information Act, Civil Code § 56, *et seq*.; and

4.   The fourth claim for alleged violations of the Unfair Competition Law, Business & Professions Code § 17200, *et seq*.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all pleadings and papers filed in this action, and on such other and further evidence and argument as may be presented at the hearing on this motion.

Dated:  December 9, 2022                          FREEMAN MATHIS & GARY, LLP

By:   _____
        David M. Liu
        Elizabeth Fellmeth
        Attorneys for Defendant
        Northern California Fertility Medical Center

Freeman Mathis
& Gary, LLP
Attorneys at Law

1
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                    22-cv-01861-JDP

# <u>TABLE OF CONTENTS</u>

Page

I.   <u>INTRODUCTION</u> ………………………………………………………...…1

II.  <u>BACKGROUND</u>………………………………………………………...…2

III. <u>LEGAL ARGUMENT</u>…………………………….…………….…………...…3

    A.   Standard For Motion To Dismiss Under FRCP 12(b)(1)…………..………..…….3

    B.   Standard For Motions To Dismiss Pursuant To FRCP 12(B)(6)…………..……...3

    C.   Plaintiff Fails To Adequately Allege Standing To Sue Because
        She Has Not Alleged A Concrete Injury………………………………….…..…..4

        1.   A Data Breach Involving Medical Information Does Not Alone
            Constitute A Concrete Harm……………………………………………….5

        2.   Alleged Emotional Distress, Lost Time, Delay in Notification,
            or Risk of Future Harm – Absent A Credible Basis For A Risk
            Harm – Is Insufficient To Establish Concrete Harm…………………..…..7

        3.   Plaintiff Failed To Establish Any Concrete Harm; Therefore,
            Plaintiff Lacks Standing To Sue…………………….…………………….8

    D.   Plaintiff's First Claim for Negligence Fails Because Plaintiff Did Not
        Allege Any Damages…………………………………………..…………….9

    E.   Plaintiff's Second Claim for Invasion of Privacy Fails Against NCFMC…….……9

    F.   Plaintiff's Third Claim for Violation of the CMIA Fails…………………………10

    G.   Plaintiff's Fourth Claim for Unfair Competition Fails Against NCFMC……...….12

IV.  <u>CONCLUSION</u>………………………………………………………...…13

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal,*
(2009) 556 U.S. 662 ................................................................................................ 6

*Balistreri v. Pacifica Police Dept.,*
(9th Cir. 1988) 901 F.2d 696 .................................................................................. 3

*Bell Atlantic Corp. v. Twombly,*
(2007) 550 U.S. 544 ................................................................................................ 4

*Burns v. Mammoth Media, Inc.,*
(C.D. Cal., Aug. 6, 2021, No. CV2004855DDPSKX) 2021 WL 3500964 ................... 5,8

*Callahan v. Ancestry.com Inc.,*
(N.D. Cal., June 15, 2021, No. 20-CV-08437-LB) 2021 WL 2433893 ......................... 7

*Campbell v. Facebook Inc.,*
(ND CA 2014) 77 F.Supp.3d 836 ............................................................................ 12

*Del Llano v. Vivint Solar Inc.,*
(S.D. Cal., Feb. 1, 2018, No. 17-CV-1429-AJB-MDD) 2018 WL 656094 .................... 9

*Federico v. Superior Court (Jenry G.),*
(1997) 59 Cal.App.4th 1207 .................................................................................... 9

*Fernandez v. Leidos, Inc.,*
127 F.Supp.3d 1078 (*"Fernandez"*) ....................................................................... 5,6

*Flores-Mendez v. Zoosk, Inc.,*
(N.D. Cal., Jan. 30, 2021, No. C 20-04929 WHA) 2021 WL 308543 ........................ 12

*Greenstein v. Noblr Reciprocal Exchange,*
(N.D. Cal. 2022) 585 F.Supp.3d 1220 ................................................................... 7,8

*Hart v. TWC Product & Tech. LLC,*
(ND CA 2021) 526 F.Supp.3d 592 .......................................................................... 12

*Hill v. National Collegiate Athletic Assn.,*
(1994) 7 Cal.4th 1 ................................................................................................... 9

*I.C. v. Zynga, Inc.*
(N.D. Cal., Apr. 29, 2022, No. 20-CV-01539-YGR) 2022 WL 2252636, 2022 WL 2252636 ......... 4

*In re Adobe Systems, Inc. Privacy Litigation,*
(N.D. Cal. 2014) 66 F.Supp.3d 1197 ........................................................................ 8

Freeman Mathis
& Gary, LLP
Attorneys at Law

3

*In re Facebook Privacy Litig.*,
(ND CA 2011) 791 F.Supp.2d 705.................................................................................. 12

*In re Facebook, Inc., Consumer Privacy User Profile Litigation*,
(N.D. Cal. 2019) 402 F.Supp.3d 767.............................................................................. 9

*In re Turner*,
(9th Cir. 2017) 859 F.3d 1145....................................................................................... 12

*In re Wilshire Courtyard*,
(9th Cir. 2013) 729 F.3d 1279......................................................................................... 3

*iPhone Application Litig.*,
844 F. Supp. 2d at 1063 ................................................................................................. 10

*Khoury v. Maly's of California*,
14 Cal. App. 4th 612 (1993)........................................................................................... 12

*Kinsey v. Macur*,
(1980) 107 Cal.App.3d 265 ............................................................................................. 9

*Korea Supply Co. v. Lockheed Martin Corp.*,
(2003) 29 Cal.4th 1134.................................................................................................... 12

*Lujan v. Defenders of Wildlife*,
(1992) 504 U.S. 555 ......................................................................................................... 4

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)......................................................................................... 3

*Patterson v. Medical Review Institute of America, LLC*
(N.D. Cal., Aug. 26, 2022, No. 22-CV-00413-MMC) 2022 WL 3702102, 2022 WL 3702102........ 6

*Patton v. Experian Data Corp.*,
(C.D. Cal., May 6, 2016, No. SACV151871JVSPLAX) 2016 WL 2626801 ................................ 8

*Razuki v. Caliber Home Loans, Inc.*
(S.D. Cal., June 8, 2018, No. 17CV1718-LAB (WVG)) 2018 WL 2761818,2018 WL 2761818 ... 10

*Regents of University of California v. Superior Court*,
220 Cal.App.4th 549 ("*Regents*")................................................................................... 11

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D.Cal. 2008)............................................................................ 10

*Rutman Wine Co. v. E. & J. Gallo Winery*,
(9th Cir. 1987) 829 F.2d 729........................................................................................... 3

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

*Schmitt v. SN Servicing Corporation*,
(N.D. Cal., Aug. 9, 2021, No. 21-CV-03355-WHO) 2021 WL 3493754 .................................... 10

*Silicon Knights v. Crystal Dynamics*,
983 F. Supp. 1303 (1997) ............................................................................................................ 12

*Silvercrest Realty, Inc. v. Great American E&S Insurance Company*,
(C.D. Cal., Apr. 4, 2012, No. SACV1101197CJCANX) 2012 WL 13028094 ............................ 12

*Sutter Health v. Superior Court*,
227 Cal.App.4th 1546 ("*Sutter*") ................................................................................................ 11

*TransUnion LLC v. Ramirez*,
(2021) 141 S.Ct. 2190 ........................................................................................................... 1,4,8

*Vigil v. Muir Medical Group IPA, Inc.*,
84 Cal.App.5th 197 ("*Vigil*") ...................................................................................................... 11

*Western Min. Council v. Watt*,
(9th Cir. 1981) 643 F.2d 618 ......................................................................................................... 3

*White v. Lee*,
(9th Cir. 2000) 227 F.3d 1214 ....................................................................................................... 3

Rules

FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) .................................. Passim

FRCP 12(b)(6) ............................................................................................................................. 2,3

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

As succinctly stated by the United States Supreme Court in *TransUnion LLC v. Ramirez* (2021) 141 S.Ct. 2190, 2200 – "No concrete harm, no standing."  This principle aptly applies to the fundamental deficiencies in plaintiff Jane Doe's complaint, whether brought individually or on behalf of a purported class.  The complaint is replete with generalities about broad problems with data breaches, including the breach of personal health information ("PHI").  But distilled to its core, Plaintiff's complaint actually provides little in way of facts to establish Plaintiff's standing to sue; and accordingly, to show that each claim is sufficiently pleaded.

On or about July 24, 2022, cybercriminals accessed some information stored by defendant Northern California Fertility Medical Center ("NCFMC") and allegedly obtained patients' names, whether the patient had an ultrasound at the facility and whether the patient stored cryopreserved tissue. *See* Compl., ¶¶ 21 to 22.  Based on this data breach, Plaintiff sues, individually and on behalf of a class, for (i) negligence, (ii) invasion of privacy, (iii) violation of the California Confidentiality of Medical Information Act ("CMIA"), and (iv) for unfair competition.

The problems with the complaint begin with the issue that Plaintiff was a former patient at NCFMC, but she does not allege what services, if any, she received at the facility.  Accordingly, it is unknown if the cybercriminals only obtained her name (if at all), or if her name appeared in conjunction with any medical services.  Plaintiff does not allege that anything nefarious was done with her information or with any of the class member's information.  Plaintiff does not allege that any of the information that was taken was released to the general public in any manner.  Plaintiff does not allege she is at any risk of identity theft or fraud, and she cannot do so because no sensitive personal information, such as a date of birth, Social Security Number, identification number, email address, home address, or credit card or financial information were allegedly taken.  Plaintiff does not allege how a criminal obtaining a patient's name and limited forms of medical services could even misuse that limited range of information.  Plaintiff does not allege that anyone has used – let alone misused – any of her information to subject her to unwanted advertisements, spam emails or phone calls or phishing attacks.

Freeman Mathis
& Gary, LLP
Attorneys at Law

1       As detailed below, even if sensitive medical information was breached – which NCFMC

2 contests – there is no standing unless and until a credible risk of harm exists, such as identity theft or

3 fraud stemming from the breach.  As a matter of law, any alleged emotional distress does not

4 constitute a concrete injury unless there is some credible risk of harm.  Even giving the complaint a

5 liberal construction, Plaintiff fails to allege anything to show she has standing to sue.

6       The problems with the complaint are further compounded because Plaintiff does not allege

7 that the cybercriminals actually viewed any of the medical information, which the criminal must have

8 done to establish a CMIA violation.  And Plaintiff's failure to adequately allege damages shows that

9 each of her other claims is fundamentally flawed because there are no damages.  Indeed, Plaintiff

10 cannot recover damages for her unfair competition claim.

11       Indeed, Plaintiff's complaint appears to be a "form" complaint because it alleges that another

12 completely unrelated entity "North Highland" acted negligently.  *See* Compl., ¶ 55.  This appears to

13 show that little care was used to differentiate the specific facts in this complaint as opposed to using

14 the same boilerplate allegations against other defendants in other actions.

15       Plaintiff lacks standing to sue and this Court lacks subject matter jurisdiction to consider this

16 matter.  Even if the Court were to find standing, each claim fails as a matter of law.  Accordingly,

17 the motion to dismiss, whether brought under FRCP 12(b)(1) or FRCP 12(b)(6), should be granted

18 without leave to amend.

19 **II.**    **BACKGROUND**

20       Plaintiff alleges she is a former patient at NCFMC although the scope of services she

21 received, if any, are not alleged in the complaint.  *See* Compl., ¶ 2.  In 2020, Plaintiff allegedly asked

22 NCFMC to delete her patient information but the facility allegedly failed to do so.  *See id.*  As alleged,

23 NCFMC suffered a data breach on or around July 24, 2022, in which patients' names, history of

24 having an ultrasound and history of storing "cryopreserved tissue" were taken by cybercriminals.

25 *See id.*, ¶ 21.  NCFMC provided notice of the data breach on or about September 28, 2022, and

26 Plaintiff received notice on or around October 3, 2022.  *See id.*, ¶¶ 23, 29.

27       Plaintiff brings this action as an individual and on behalf of the following proposed class:

28 / / /

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   Any person whose PHI was exposed to a third-party breach of Northern
2   California Fertility Medical Center's server(s) that occurred around July 24,
3   2022.

4   The complaint sets forth generalities about data breaches and the need to secure financial
5   information from cybercriminals. *See* Compl., ¶¶ 14 to 17, 26, 33 to 35.

6   Plaintiff alleges she suffered "extreme distress and anxiety" and had to spend hours
7   investigating the breach and she expects it will take further time in the future for further investigation.
8   *See id*., ¶¶ 36 to 37.

9   **III.   LEGAL ARGUMENT**

10   **A.      Standard For Motion To Dismiss Under FRCP 12(b)(1)**

11   The Court evaluates challenges to Article III standing under Rule 12(b)(1), which governs
12   motions to dismiss for lack of subject matter jurisdiction. *See Maya v. Centex Corp*., 658 F.3d 1060,
13   1067 (9th Cir. 2011).  The burden of establishing subject matter jurisdiction rests on the party
14   asserting that the court has jurisdiction. *In re Wilshire Courtyard* (9th Cir. 2013) 729 F.3d 1279,
15   1284.  When considering a motion under FRCP 12(b)(1), the Court does not "[n]ecessarily assume
16   the truth of legal conclusions merely because they are cast in the form of factual allegations."
17   *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.

18   "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee* (9th Cir.
19   2000) 227 F.3d 1214, 1242.  As detailed below, even assuming Plaintiff's allegations as true, Plaintiff
20   fails to sufficiently allege standing to sue.

21   **B.      Standard For Motions To Dismiss Pursuant To FRCP 12(B)(6)**

22   Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on
23   "failure to state a claim upon which relief can be granted…".  "Dismissal can be based on the lack
24   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
25   *Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699.  "The purpose of F.R.Civ.P.
26   12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting
27   themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729,
28   738.

**Freeman Mathis**
**& Gary, LLP**
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

1    As held by the United States Supreme Court, "[a] plaintiff's obligation to provide the

2  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

3  recitation of the elements of a cause of action will not do…"  *Bell Atlantic Corp. v. Twombly* (2007)

4  550 U.S. 544, 555.  Therefore, "[f]actual allegations must be enough to raise a right to relief above

5  the speculative level…"  *Id.*

6    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

7  as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal* (2009) 556 U.S.

8  662, 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

9  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

10    In analyzing whether a claim is sufficiently pled, the Court first accepts as true the allegations

11  in the complaint; however, "[t]hreadbare recitals of the elements of a cause of action, supported by

12  mere conclusory statements, do not suffice."  *Iqbal*, at 678.  Second, "[d]etermining whether a

13  complaint states a plausible claim for relief will…be a context-specific task that requires the

14  reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

15    **C.    Plaintiff Fails To Adequately Allege Standing To Sue Because She Has Not**

16    **Alleged A Concrete Injury**

17    The party invoking federal jurisdiction bears the burden of establishing standing to sue by

18  substantively showing an "injury in fact".  *See Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555,

19  561.  "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other

20  things, that they suffered a concrete harm.  No concrete harm, no standing."  *TransUnion LLC v.*

21  *Ramirez* (2021) 141 S.Ct. 2190, 2200.  "In the absence of standing, there is no subject matter

22  jurisdiction."  *I.C. v. Zynga, Inc.* (N.D. Cal., Apr. 29, 2022, No. 20-CV-01539-YGR) 2022 WL

23  2252636, at *6  ("*Zynga*").

24    To have standing to sue, "a plaintiff must show (i) that he suffered an injury in fact that is

25  concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the

26  defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion*, *supra*,

27  at 2203.  Plaintiff bears the burden of establishing standing.  *See id.*, at 2207.  Indeed, in the class

28  action context, "[e]very class member must have Article III standing in order to recover individual

**Freeman Mathis**
**& Gary, LLP**
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                22-cv-01861-JDP

1  damages." *See id.*, at 2208.  "And standing is not dispensed in gross; rather, plaintiffs must

2  demonstrate standing for each claim that they press and for each form of relief that they seek (for

3  example, injunctive relief and damages)." *See id.*

4  "[I]n data breach cases, courts must examine the nature of the specific information at issue to

5  determine whether privacy interests were implicated at all.  Otherwise, every data breach (or any

6  situation in which one loses control of information) would confer standing, regardless of whether

7  private information is exposed." *Zynga,* 2022 WL 2252636, at *8.

8  Hence, there is no standing to sue unless some concrete harm is suffered by a plaintiff.  "Here,

9  the SAC does not allege that any of the plaintiffs actually experienced any type of fraud or identity

10  theft as a result of the data breach, such as the unauthorized access of an account or the unauthorized

11  transaction made in their name." *Zynga,* 2022 WL 2252636, at *9.  "The court notes, however, that

12  several courts have rejected similar theories as implausible, speculative, or otherwise infirm,

13  especially where, as here, there is no allegation of a legitimate market for the information." *Burns*

14  *v. Mammoth Media, Inc.* (C.D. Cal., Aug. 6, 2021, No. CV2004855DDPSKX) 2021 WL 3500964,

15  at *3, n.2.

16  ## 1.    A Data Breach Involving Medical Information Does Not Alone Constitute

17  ## A Concrete Harm

18  The facts in *Fernandez v. Leidos, Inc.* (E.D. Cal. 2015) 127 F.Supp.3d 1078, 1087

19  ("*Fernandez*"), are instructive for this action.  In *Fernandez*, the plaintiff was a former

20  servicemember.  The Department of Defense contracted with defendant Leidos to provide electronic

21  information management services for servicemembers.  A Leidos employee had back up tapes in his

22  car which contained personal information and personal health information.  The back up tapes were

23  stolen.  The information taken included personal information and medical information:  "Social

24  Security numbers, addresses, dates of birth, telephone numbers, and personal health data—including

25  private medical records, health provider information, laboratory test results, medical diagnoses, and

26  prescription medication information." *See id.*, at 1082.  The criminals allegedly "read" or otherwise

27  used the stolen personal information. *See id.*  Notably, the complaint alleged that with respect to his

28  health information:

Freeman Mathis
& Gary, LLP
Attorneys at Law

5

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

[Plaintiff] has received an ongoing and increasing stream of electronic mail and regular mail advertisements from drug companies, Canadian online pharmacies, and other health care providers specifically targeting three medical conditions from which he suffers. Fernandez did not receive the type and volume of such targeted advertisements prior to the Data Breach. These advertisements logically could only be the direct and/or proximate result of the data thieves and their customers buying, selling, opening, reading, mining, and using Fernandez's PII/PHI wrongfully disclosed in the Data Breach. [*Id*. at 1084.]

Plaintiff filed a class action complaint for, among other things, invasion of privacy and violation of the CMIA. Defendant moved to dismiss the complaint for lack of standing. The district court agreed and dismissed the action. In moving to dismiss, Defendant pointed out that plaintiff's email address was not stolen, so there could be no connection between the unwanted ads and the data breach. Further, plaintiff's home address was a public record so any advertisers could have located him through public means. Moreover, the court found that "[P]laintiff has not alleged that the medical conditions from which he suffers, and to which the advertisements are allegedly targeted, were listed in his medical records before the Data Breach." *Id*. at 1086.

Further, the court noted that "[f]or a person's privacy to be invaded, their personal information must, at a minimum, be disclosed to a third party. Existing case law and legislation support that common-sense intuition: If no one has viewed your private information (or is about to view it imminently), then your privacy has not been violated."

[T]here is simply no way to know [whether identity theft, identity fraud and/or medical fraud will occur] until either the [thief] is apprehended or the data is actually used. *Courts for this reason are reluctant to grant standing where the alleged future injury depends on the actions of an independent third party.* [*Id*. at 1087 (emphasis added).]

Further, a breach that reveals a patient's name and that the patient received medical services is not sufficient, along, to establish a concrete harm. *See Patterson v. Medical Review Institute of America, LLC* (N.D. Cal., Aug. 26, 2022, No. 22-CV-00413-MMC) 2022 WL 3702102, at *2

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

("*Patterson*").   In *Patterson*, a data breach occurred whereby certain medical information was released, namely:  "[t]he date, the title 'Advisory,' a reference to 'Patterson, Albert' as 'Insured' and 'Patient,' a Policy number, 'Review Time 60 minutes[,]' and 'Total amount: to be billed $327.00'". The plaintiff sued for, among other things, negligence, violation of the CMIA, invasion of privacy and for unfair competition.

The *Patterson* court granted a motion to dismiss under FRCP 12(b)(1) because the plaintiff failed to state a "cognizable injury" because the information taken was not sufficient to create "a credible risk of future fraud or identity theft."  *Id*. at 2.

Here, while Plaintiff alleges that the "cybercriminals were able to view patients' PHI…", there is no allegation that any PHI was actually viewed.  There is no indicia that the cybercriminals here actually viewed any PHI, or could connect Plaintiff's name with any actual medical treatment she may (or may not have) received at NCFMC.  Therefore, Plaintiff lacks standing to sue.

**2.     Alleged Emotional Distress, Lost Time, Delay in Notification, or Risk of Future Harm – Absent A Credible Basis For A Risk Harm – Is Insufficient To Establish Concrete Harm**

Plaintiff alleges that she suffered "extreme distress and anxiety" and that she was required to "spend several hours investigating the data breach…"  *See* Compl., ¶¶ 36 and 37.  These allegations fail to establish a concrete injury; and, therefore, Plaintiff lacks standing.

A credible threat of an actual injury is required to establish emotional distress as a concrete harm.  "[L]ost time and anxiety, absent a credible risk, are not "sufficient to establish Article III standing".  *Patterson*, 2022 WL 3702102, at *2.  "In data-breach cases, for example, anxiety and stress *about a credible threat of future identity theft* is injury in fact conveying Article III standing." *Callahan v. Ancestry.com Inc.* (N.D. Cal., June 15, 2021, No. 20-CV-08437-LB) 2021 WL 2433893, at *4 (emphasis added).

Further, time spent to monitor a data breach does not cause a concrete harm unless there is some showing that actual fraud or identity theft has occurred.  "However, despite their extensive monitoring, Class Members, and neither Plaintiff Greenstein or Nelson cannot identify one instance where their PI was used for nefarious purposes or otherwise."  *Greenstein v. Noblr Reciprocal*

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP

1    *Exchange* (N.D. Cal. 2022) 585 F.Supp.3d 1220, 1228.  "Because the only evidence in the record

2    currently before the court indicates that the Mammoth data breach could not possibly have caused

3    the risk of identity theft, fraud, and attendant harms alleged in the FAC, Plaintiff's complaint must

4    be dismissed for lack of standing."  *Burns v. Mammoth Media, Inc.* (C.D. Cal., Aug. 6, 2021, No.

5    CV2004855DDPSKX) 2021 WL 3500964, at *4.

6        "Delay of notification is insufficient to establish injury-in-fact."  *Greenstein v. Noblr*

7    *Reciprocal Exchange* (N.D. Cal. 2022) 585 F.Supp.3d 1220, 1231.  "However, by failing to allege

8    any injury resulting from a failure to provide reasonable notification of the 2013 data breach,

9    Plaintiffs have not plausibly alleged that they have standing…"  *In re Adobe Systems, Inc. Privacy*

10    *Litigation* (N.D. Cal. 2014) 66 F.Supp.3d 1197, 1218.

11        Further, as discussed by the United States Supreme Court in *TransUnion*, the risk of future

12    harm does not provide standing unless and until the harm materializes, such that a future harm

13    actually turns into an actual harm.  *See TransUnion LLC*, 141 S.Ct. at 2211.  "Therefore, because

14    plaintiffs do not allege any actual identity theft or fraud, they cannot claim an injury in fact based on

15    a materialization of the risk of harm." *Zynga,* WL 2252636, at *10.  Similarly, in *Patton v. Experian*

16    *Data Corp.* (C.D. Cal., May 6, 2016, No. SACV151871JVSPLAX) 2016 WL 2626801, at *4, the

17    court held that plaintiff lacked standing where plaintiff failed to allege that any data was actually

18    used against the plaintiff which caused harm.

19        **3.**    **Plaintiff Failed To Establish Any Concrete Harm; Therefore, Plaintiff**

20        **Lacks Standing To Sue**

21        Plaintiff lacks standing to sue because she has not alleged a concrete injury.  As alleged, the

22    only information that was released were the patient's name, whether the patient had an ultrasound

23    performed, or whether the patient store cryopreserved tissue at NCFMC.

24        Plaintiff does not allege what procedure she had performed, if any, at NCFMC.  Plaintiff does

25    not allege that the cybercriminal used her personal information in any manner.  Plaintiff does not

26    allege that she was spammed with unwanted advertisements.  Plaintiff does not allege she suffered

27    any actual identity theft; which would be impossible because no personal information was taken,

28    such as a date of birth, Social Security Number, driver's license number, credit card numbers, or

Freeman Mathis
& Gary, LLP
Attorneys at Law

8

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES    22-cv-01861-JDP

1  email addresses.  Plaintiff does not allege that any of the data that was taken was released by the

2  cybercriminals, such that there was any harm to any member of the purported class.  Accordingly,

3  Plaintiff lacks standing to sue.

4  **D.      Plaintiff's First Claim for Negligence Fails Because Plaintiff Did Not Allege Any**

5      **Damages**

6      The first claim is for negligence.  The elements of a cause of action for negligence are: (1)

7  the existence of a legal duty to use due care; (2) a breach of that duty; and (3) the breach as a

8  proximate cause of the plaintiff's injury.  *Federico v. Superior Court (Jenry G.)* (1997) 59

9  Cal.App.4th 1207, 1210–1211.

10      While NCFMC contends that it did not act negligently, the crucial element of damages is

11  lacking in the complaint as detailed above.  Without concrete damages, Plaintiff not only lacks

12  standing to sue, but she cannot establish each element for negligence.  Accordingly, the negligence

13  claim fails as a matter of law.

14  **E.      Plaintiff's Second Claim for Invasion of Privacy Fails Against NCFMC**

15      The second claim is for invasion of privacy.  As held by the California Supreme Court:  "[W]e

16  hold that a plaintiff alleging an invasion of privacy in violation of the state constitutional right to

17  privacy must establish each of the following:  (1) a legally protected privacy interest; (2) a reasonable

18  expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious

19  invasion of privacy."  *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 39–40.

20      "[T]he common law invasion of privacy tort 'must be accompanied by publicity in the sense

21  of communication to the public in general or to a large number of persons as distinguished from one

22  individual or a few.'"  *Del Llano v. Vivint Solar Inc.* (S.D. Cal., Feb. 1, 2018, No. 17-CV-1429-AJB-

23  MDD) 2018 WL 656094, at *5.  The interest to be protected is individual freedom from the wrongful

24  publicizing of private affairs and activities which are outside the realm of legitimate public concern.

25  *Kinsey v. Macur* (1980) 107 Cal.App.3d 265, 271.  For example, exposing private data to tens of

26  thousands of people is sufficient to establish a publication of private information.  *In re Facebook,*

27  *Inc., Consumer Privacy User Profile Litigation* (N.D. Cal. 2019) 402 F.Supp.3d 767, 796.

28  / / /

Freeman Mathis
& Gary, LLP
Attorneys at Law

9

1   Here, there are no allegations that any PHI was publicly released to the public at large or to a

2   large group of persons by the cybercriminals.

3   In any event, a defendant that suffers a data breach is not automatically liable for invasion of

4   privacy.  "Losing personal data through insufficient security doesn't rise to the level of an egregious

5   breach of social norms underlying the protection of sensitive data like social security numbers."

6   *Razuki v. Caliber Home Loans, Inc.* (S.D. Cal., June 8, 2018, No. 17CV1718-LAB (WVG)) 2018

7   WL 2761818, at *2.  "Even negligent conduct that leads to theft of highly personal information,

8   including social security numbers, does not 'approach [the] standard' of actionable conduct under

9   the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy."

10  *iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (quoting *Ruiz v. Gap, Inc*., 540 F. Supp. 2d 1121,

11  1127–28 (N.D.Cal. 2008).  "Plaintiffs contend that the criminal nature of the data breach and the

12  information that was exposed or stolen in the data breach demonstrates that SNSC committed a

13  serious violation of their privacy rights. Courts faced with similar data breach scenarios have found

14  such allegations insufficient."  *Schmitt v. SN Servicing Corporation* (N.D. Cal., Aug. 9, 2021, No.

15  21-CV-03355-WHO) 2021 WL 3493754, at *7.

16  Here, Plaintiff has not alleged that NCFMC violated her privacy by NCFMC disclosing her

17  personal health information to the public.  As for the conduct of the cybercriminals, Plaintiff has not

18  alleged that personal highly confidential information was taken and shared with the general public.

19  Plaintiff has not claimed the hackers accessed her contact information or financial information as

20  well.  Rather, the complaint only alleges that the hackers had access to information about ultrasounds

21  and stored embryos. Arguably, this is not enough to rise to the level of an "egregious breach" as was

22  determined in the other cases where the courts refused to dismiss an invasion of privacy claim.

23  Lastly, as detailed above, Plaintiff failed to set forth a concrete remedy for damages.

24  **F.    Plaintiff's Third Claim for Violation of the CMIA Fails**

25  Plaintiff's third claim is for violation of the CMIA.  The CMIA protects the confidentiality

26  of patients' medical information.  It does so by prohibiting health care providers from disclosing a

27  patient's medical information without authorization and imposing a duty on health care providers

28  who create, maintain, or dispose of medical information to do so in a manner that preserves the

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                    22-cv-01861-JDP

1  confidentiality of that information.  *See* Civil Code § 56.101(a); *Vigil v. Muir Medical Group IPA,*

2  *Inc.* (2022) 84 Cal.App.5th 197, at *37-*38 ("*Vigil*").

3         The CMIA requires more than a showing that the health care provider negligently maintained

4  or stored confidential information and lost possession of the information because of its negligence.

5  *Vigil,* Cal.App.5th at 211.  "We conclude that the plaintiffs have failed to state a cause of action under

6  the Confidentiality Act because they do not allege that the stolen medical information was actually

7  viewed by an unauthorized person."  *Sutter Health v. Superior Court* (2014) 227 Cal.App.4th 1546,

8  1550 ("*Sutter*").  "The mere possession of the medical information or records by an unauthorized

9  person was insufficient to establish breach of confidentiality if the unauthorized person has not

10  viewed the information or records."  *Sutter Health*, at 1553.  "Because no one (except perhaps the

11  thief) knows what happened to the encrypted external hard drive and the password for the encrypted

12  information, she cannot allege her medical records were, in fact, viewed by an unauthorized

13  individual."  *Regents of University of California v. Superior Court (*2013) 220 Cal.App.4th 549, 570

14  ("*Regents*").

15         The complaint alleges that "[c]ybercriminals *were able to view* patients' PHI, including their

16  names, whether they received an ultrasound from the Fertility Clinic, and whether they have

17  'cryopreserved tissue' stored at the Fertility Clinic."  *See* Compl., ¶ 21 (emphasis added).  The

18  complaint also alleges "as a result of Defendant's negligence, an unauthorized third-party *was able*

19  *to access and view* the medical information of Plaintiff and the Class."  *See* Compl., ¶ 72 (emphasis

20  added).

21         But, as required by *Vigil*, *Sutter* and *Regents*, the complaint must allege that the medical

22  information was actually viewed.  Because the complaint does not allege that anyone else has actually

23  viewed their medical information, this defeats the CMIA claim.  Moreover, as noted above, there is

24  also no indicia that such medical information, such as Plaintiff's information was actually viewed,

25  such that the information was released or that Plaintiff received unwarranted contacts from third

26  parties related to the medical information.

27         Moreover, Plaintiff has failed to allege any concrete damages based on any alleged violation

28  of the CMIA.  The CMIA claim fails.

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                    22-cv-01861-JDP

**G.     Plaintiff's Fourth Claim for Unfair Competition Fails Against NCFMC**

Plaintiff's fourth claim is for alleged violation of California's unfair competition law ("UCL"), at Business and Professions Code § 17200.  Plaintiff may pursue a UCL unfair business practice cause of action if, as a result of unfair competition, he or she suffered: (i) injury in fact; and (ii) lost money or property.  *In re Turner* (9th Cir. 2017) 859 F.3d 1145, 1151.  "Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices."  *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1143.

A plaintiff alleging unfair business practices under the unfair competition statutes "must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1316 (1997) citing *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993).

"Remedies under the UCL are limited to restitution and injunctive relief, and do not include damages."  *Silvercrest Realty, Inc. v. Great American E&S Insurance Company* (C.D. Cal., Apr. 4, 2012, No. SACV1101197CJCANX) 2012 WL 13028094, at *2.

The UCL requires an economic injury caused by the unfair competition or loss of property.  *In re Turner* (9th Cir. 2017) 859 F.3d 1145, 1151.  Personal information is not property because courts have concluded that personal information is not "property" for purposes of a UCL claim.  *In re Facebook Privacy Litig.* (ND CA 2011) 791 F.Supp.2d 705, 714; *Campbell v. Facebook Inc.* (ND CA 2014) 77 F.Supp.3d 836, 849 (courts "have consistently rejected" use of personal information as equivalent to loss of "money or property").  Courts have rejected this theory because, while personal information may have "external value" to the companies that share and use it, plaintiffs have not shown that their personal information has economic value to them.  *See Hart v. TWC Product & Tech. LLC* (ND CA 2021) 526 F.Supp.3d 592, 603-604; *Flores-Mendez v. Zoosk, Inc*. (N.D. Cal., Jan. 30, 2021, No. C 20-04929 WHA) 2021 WL 308543, at *4 ("They do not, for example, allege that they had to buy credit-monitoring services, nor do they adequately allege the value of their time in terms of opportunity cost.").

/ / /

/ / /

Freeman Mathis
& Gary, LLP
Attorneys at Law

12
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                    22-cv-01861-JDP

1        Plaintiff lacks standing to sue because Plaintiff has not lost money or property as a result of

2    any alleged unfair competition.  Any alleged loss of personal information from the data breach does

3    not constitute an economic injury under the UCL.  Therefore, this claim fails as a matter of law.

4    **IV.**    **CONCLUSION**

5        For the reasons discussed above, Defendants respectively request the court dismiss the action

6    based on Plaintiff's lack of standing.  Alternatively, if the Court finds standing to sue, the Court

7    should dismiss the claims as set forth above.

8    Dated:  December 9, 2022                     FREEMAN MATHIS & GARY, LLP

9

10                                         By: _____

11                                            David M. Liu
                                             Elizabeth Fellmeth
12                                            Attorneys for Defendant
                                             Northern California Fertility Medical Center

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES                22-cv-01861-JDP

1

**PROOF OF SERVICE**

2    I am over 18 years of age and not a party to this action.

3    I am employed in Orange County, California, in the office of an active member of the State
4 Bar of California. My business address is 3030 Old Ranch Parkway, Suite 200, Seal Beach,
California 90740.

5    On December 9, 2022, I served a copy of the document(s) entitled:

6 **DEFENDANT NORTHERN CALIFORNIA FERTILITY MEDICAL CENTER'S NOTICE
OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
7 PROCEDURE 12(b)(1) AND 12(b)(6); AND MEMORANDUM OF POINTS AND
8 AUTHORITIES**
in the manner described below:

9    ☐    **By United States Mail.** I enclosed the document(s) in the envelope(s)
10    addressed to the individual(s) on the attached Service List. I sealed and
deposited the envelope(s) with postage fully prepaid at the United States
11    Postal Service collection box located at 3020 Old Ranch Parkway, Seal
Beach, California 90740.
12

13    ☐    **By Overnight Delivery.** I enclosed the document(s) in the envelope(s)
provided by an overnight delivery carrier and addressed to the individual(s)
14    on the attached Service List. I sealed and deposited the envelope(s) in the
box regularly maintained by the express service carrier located at 3020 Old
15    Ranch Parkway, Seal Beach, California 90740.

16    ☒    **By CM/ECF PORTAL.** I certify that I electronically filed the foregoing
documents and that they are available for viewing and downloading from
17    the Court's CM/ECF system, and that all participants in the case are
registered CM/ECF users and that service will be accomplished by the
18    CM/ECF system.

19
☐    **By Electronic Service.** I attached the document(s) to an email and sent the
20    email from lisa.khan@fmglaw.com to the individual(s) on the attached
Service List at the email address(es) stated therein.
21

22    I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.
23
Executed on December 9, 2022, at Seal Beach, California
24

25    _Lisa Khan_
_____
26    Lisa Khan

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Freeman Mathis
& Gary, LLP
Attorneys at Law

## SERVICE LIST

*JANE DOE v. NORTHERN CALIFORNIA FERTILITY MEDICAL CENTER*
*Case No.* 2:22-cv-01861-JDP

| | |
|---|---|
| Matthew R. Wilson<br>Michael J. Boyle, Jr.<br>Jared W. Connors<br>MEYER WILSON CO., LPA<br>305 W. Nationwide Blvd.<br>Columbus, OH 43215 | ***Attorney for Plaintiffs***<br>Tel:  614/224-6000<br>Email:  mwilson@meyerwilson.com<br>mboyle@meyerewilson.com<br>jconnors@meyerwilson.com |
| Samuel J. Strauss<br>Raina Borrelli<br>TURKE & STRAUSS LLP<br>613 Williamson St., #201<br>Madison, WI 53703 | ***Attorneys for Plaintiffs***<br>Tel:  608/237-1775<br>Email:  sam@turkestrauss.com<br>raina@turkestrauss.com |

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)
AND 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES          22-cv-01861-JDP